UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY SR.,

    Plaintiff,

v.

STATE OF INDIANA ALLEN COUNTY
SUPERIOR COURT ROOM 4,

    Defendant.

CAUSE NO.: 3:18-CV-322-RLM-MGG

## OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Lacey alleges that a police officer stopped him in Starke County, Indiana, as he was driving a motor vehicle at the speed of seventy-three miles per hour. He told the police officer that, although he did not have his driver's license, his fiancée (a passenger then sleeping off some medication) was the

owner of the vehicle. The police officer didn't let him leave but instead ran a computer search on Mr. Lacey's name. Mr Lacey claims that the traffic stop was unlawful because the information he provided removed any basis for reasonable suspicion. He misunderstands the law. "Police can stop an automobile when they have probable cause to believe that the driver violated even a minor traffic law." United States v. McDonald, 453 F.3d 958, 960 (7th Cir. 2006); Williams v. Brooks, 809 F.3d 936, 942 (7th Cir. 2016). Mr. Lacey says he was driving at seventy-three miles per hour, and the maximum speed limit for any highway in Indiana is seventy miles per hour. Ind. Code. § 9-21-5-2. As a result, the complaint indicates that the police officer had a sufficient basis for the traffic stop, and Mr. Lacey can't proceed on this claim.

Mr. Lacey also challenges the validity of his guilty plea and sentencing based on prosecutorial misconduct, ineffective assistance of counsel, lack of procedural due process, a disproportionate sentence, and unlawful discrimination. This isn't the proper proceeding to raise these claims because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994). "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997). Because a favorable ruling on these claims would

necessarily imply that Mr. Lacey's conviction and sentence were invalid, this claim is dismissed.

Though it's usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013); Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on May 9, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT