UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY SR.,

    Plaintiff,

    v.                           CAUSE NO.: 3:18-CV-322-RLM-MGG

STATE OF INDIANA ALLEN COUNTY
SUPERIOR COURT ROOM 4,

    Defendant.

OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, has filed a letter, which the court construes as a motion to alter or amend under Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." Matter of Prince, 85 F.3d 314 (7th Cir. 1996); Deutsch v. Burlington N. R.R. Co., 983 F.2d 741 (7th Cir. 1993).

Mr. Lacey filed a complaint asserting that a traffic stop was unlawful due to the absence of any basis for reasonable suspicion and that his conviction and sentence were invalid. ECF 1. The court dismissed the traffic stop claim because Mr. Lacey admitted that he was speeding, which provided a constitutionally adequate basis justification for the traffic stop. ECF 5. The claims regarding his conviction and sentence were dismissed because those claims must be raised in a habeas proceeding under 28 U.S.C. § 2254 rather than in a civil rights lawsuit. Id.

Mr. Lacey now explains that his traffic stop claim was based on his understanding of Armfield v. State, 918 N.E.2d 316 (Ind. 2009), and Holly v.

State, 918 N.E.2d 323, 324 (Ind. 2009). In those cases, the Supreme Court of Indiana considered "the issue of when an officer has reasonable suspicion to initiate a traffic stop after a routine status check of a license plate reveals that the driver's license of the registered owner of the vehicle is suspended." Armfield v. State, 918 N.E.2d 316, 317 (Ind. 2009). The appellate court held that "an officer has reasonable suspicion to initiate a *Terry* stop when (1) the officer knows that the registered owner of a vehicle has a suspended license and (2) the officer is unaware of any evidence or circumstances which indicate that the owner is not the driver of the vehicle." Id. at 321–22. The Indiana Supreme Court applied this analysis in Holly to find that continuing a traffic stop was unlawful after the police officer recognized that the owner of the vehicle, who was a woman, wasn't the driver of the vehicle, who was a man. Holly, 918 N.E.2d at 325-26.

Mr. Lacey's claim is distinguishable from Holly because, in Holly, as soon as the police officer approached the vehicle and became aware of the driver's gender, there was no longer any reason to suspect that the driver had engaged in illegal conduct and so no basis to continue the traffic stop. By contrast, Mr. Lacey admits that the police officer saw him as he was speeding, which provides a constitutionally adequate basis for a traffic stop. See Whren v. United States, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). As a result, Mr. Lacey can't proceed on his unlawful traffic stop claim.

Mr. Lacey also elaborates on his challenge to his conviction and sentence. As set forth in the previous order, if Mr. Lacey wants to raise claims challenging his conviction and sentence before this court, he must raise them in a habeas proceeding under 28 U.S.C. § 2254 rather than in a civil rights lawsuit. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

For these reasons, the court DENIES the motion to alter or amend (ECF 7).

SO ORDERED on May 21, 2018

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT